**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Fernando NAVA–ANAYA, Defendant—**
**Appellant.**

No. 05–30534.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 2006.

Filed Feb. 13, 2007.

648

James P. Hagarty, Esq., USYA—Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Tracy A. Staab, Esq., FPDWA—Federal Public Defender's Office (Eastern WA & ID), Spokane, WA, for Defendant–Appellant.

Before: BEEZER, FISHER and TALLMAN, Circuit Judges.

MEMORANDUM *

Fernando Nava–Anaya appeals his conviction and sentence arising from drug distribution and conspiracy charges. The parties are familiar with the facts of the case, and we do not recite them in detail in this disposition.

We have jurisdiction under 28 U.S.C. § 1291. We affirm.

I

■ Nava–Anaya argues that the district court violated his Sixth Amendment confrontation rights by excluding cross-examination into a witness' juvenile theft and burglary adjudications. We review de novo whether a district court's limitations on cross-examination "are so severe as to amount to a violation of the confrontation clause." *United States v. Vargas*, 933 F.2d 701, 704 (9th Cir.1991).

The jury in this case was presented with ample evidence, even without the juvenile offenses, to make a "discriminating appraisal" of the witness' credibility and bias. *Bright v. Shimoda*, 819 F.2d 227, 228 (9th Cir.1987). In contrast to *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), the excluded juvenile offenses were not the primary means by which the witness' credibility could have been impeached.

The district court's limitations on cross-examination regarding the witness' juvenile adjudication did not impinge on Nava–Anaya's confrontation rights.

II

A

■ Nava–Anaya argues that he was denied his Sixth Amendment right to conflict-free defense counsel because his attorney represented a government witness in a prior unrelated criminal matter. Whether a defendant's trial counsel operated under a conflict of interest is a mixed question of fact and law that we review de novo. *United States v. Moore*, 159 F.3d 1154, 1157 (9th Cir.1998).

Nava–Anaya speculates that his attorney could not effectively cross-examine the government's confidential informant because it would implicate confidences exchanged between the informant and Nava–Anaya's attorney during the prior representation. Nothing in the record supports this contention. Defense counsel's cross-examination regarding the informant's earlier conviction was fully developed and bore no indicia of divided loyalties.

The district court properly concluded that defense counsel's representation of Nava–Anaya did not result in a Sixth Amendment violation.

B

■ Nava–Anaya argues that even if there was no constitutional error, the district court failed to adequately inquire into potential conflicts before denying Nava–Anaya's disqualification motion. We review a district court's decision to deny a motion for substitution of counsel for abuse of discretion. *United States v. Roston*, 986 F.2d 1287, 1292 (9th Cir.1993).

The district court in this case conducted four separate hearings, appointed independent counsel to evaluate the extent of any

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

potential conflict and to advise Nava–Anaya of his options, extensively questioned defense counsel and independent counsel, and solicited Nava–Anaya's personal views during in-court colloquies. The district court's inquiry was more than adequate. *See, e.g., id.* (characterizing single *in camera* hearing as "extensive" inquiry).

The district court was well within its discretion to deny Nava–Anaya's disqualification motion.

### III

 Nava–Anaya argues that the district court failed to give adequate consideration to the sentencing factors in 18 U.S.C. § 3553(a) and imposed an unreasonable sentence. Where the district court departs downward from the Guideline range, we review the resulting sentence for substantive reasonableness. *See United States v. Mohamed,* 459 F.3d 979, 986–87 (9th Cir.2006).

The district court described on the record its consideration of all relevant § 3553(a) factors, including its concern that a sentence within the Guideline range would result in an unreasonable disparity between Nava–Anaya and his co-defendants. To account for this disparity, the district court exercised its discretion to impose a sentence below the Guideline range. The resulting sentence is substantively reasonable in light of the § 3553(a) factors.

**AFFIRMED.**

---

\* This panel grants appellant's unopposed motion to submit without oral argument.

\*\* The Honorable Monroe G. McKay, Senior United States Circuit Judge for the Tenth Circuit, sitting by designation.

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.